966

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD R. CUNNINGHAM, Appellant.— HERLIHY, J. Appeal by the defendant from a judgment of conviction by the County Court of Rensselaer County upon defendant's plea of guilty. The defendant first contends that a motion to suppress certain evidence should not have been denied by the trial court. After the denial of this motion a jury was drawn and the defendant advised the court that he wished to change his plea to one of guilty which was allowed by the court. Upon the hearing on the motion to suppress the evidence, the arresting officer testified that while standing near the passenger side of the defendant's vehicle and looking in with a light he observed the barrel and cylinder of a revolver protruding from beneath the front seat of the car. He testified that he could not recall putting his head inside the car prior to seeing the revolver and he also could not recall whether or not he put his light inside the car or just shined it from the outside. In this case, the defendant argues that the evidence must be suppressed as the testimony set forth above mandates a finding that the police had already commenced a search inside the automobile when the revolver was seen. From the record it appears that the testimony was sufficient for the court to find that no search was commenced until after the revolver was seen inside the automobile. (Cf. *People* v. *Hoffman*, 24 A D 2d 497.) The defendant further alleges that although both counts of the indictment accused the defendant of having committed felonies, both counts actually allege only misdemeanors and therefore the sentence must be vacated and the defendant given the privilege of withdrawing his plea of guilty. The applicable portions of the indictment read as follows: " The Grand Jury of the County of Rensselaer, by this indictment, accuse the above named defendants of the crime of Illegal Possession of Firearm, a felony, committed as follows: * * * SECOND COUNT And the Grand Jury aforesaid, by this indictment, further accuse the above named defendants of the crime of Possession of Burglar's Instruments, a felony, committed as follows". Both section 1897 and section 408 of the Penal Law provide that the crimes charged in this indictment are felonies, if the defendant " has previously been convicted of any crime." The defendant relies upon the case of *People* v. *Englese* (7 N Y 2d 83), but since the date of the indictment under section 1897 of the Penal Law considered in that case, section 275-b of the Code of Criminal Procedure has been amended to provide that the crime relied upon to establish a felony is not to be pleaded in the indictment, but that the indictment is to simply charge the name of the basic crime " as a felony". Accordingly, the *Englese* case is not applicable to the present case and we determine that the facts relating to the prior crime need not and indeed are not to be alleged in the indictment. The plea of guilty was to an indictment correct in form under section 275-b of the Code of Criminal Procedure. Judgment affirmed. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.